997 So.2d 438 (2008)
K.P., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and The Guardian Ad Litem Program, Appellees.
No. 3D08-1255.
District Court of Appeal of Florida, Third District.
November 26, 2008.
*439 Albert W. Guffanti, Miami, for appellant.
Karla Perkins, Miami, and Hillary S. Kambour, for appellees.
Before GERSTEN, C.J., and RAMIREZ and SALTER, JJ.
SALTER, J.
K.P., the mother, appeals a circuit court order terminating her parental rights as to her son, J.R. We affirm.
In this case, the Department of Children and Family Services filed an expedited petition to terminate both parents' parental rights under section 39.806(1)(f), Florida Statutes (2007), for egregious conduct. The petition detailed the severe injuries the three-month old baby had suffered. At the termination hearing, the evidence demonstrated that the parents were the baby's primary caregivers and that the child was in the parents' exclusive custody when the most severe and life-endangering injuries occurred. Based on the testimony and evidence, the court terminated the mother's parental rights.[1]
We hold that the termination was supported by competent substantial evidence. In this case, as in J.V. v. Department of Children and Family Services, 967 So.2d 354 (Fla.3d DCA 2007), the evidence presented was sufficient to demonstrate that the baby's injuries were the result of physical abuse by the parents. As in J.V., the child's young age, the nature of the injuries, the unrefuted expert testimony that the injuries could only be caused by a traumatic event, and the parents' failure to provide any plausible explanation for the injuries all support the trial court's finding that the baby was the victim of physical abuse.
The Department (in this case also supported by the Guardian ad Litem) showed "by clear and convincing evidence that reunification with the parent poses a substantial risk of significant harm to the child." Padgett v. Dep't of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991); T.M. v. Dep't of Children & Families, 971 So.2d 274 (Fla. 4th DCA 2008). Therefore, there is no basis for reversing the termination order.[2]
Affirmed.
NOTES
[1] The trial court also terminated the parental rights of the father. His appeal to this Court was dismissed for lack of prosecution.
[2] There is no merit to the mother's assertion that she should have been offered a case plan prior to termination. Under section 39.806(2), "[r]easonable efforts to preserve and reunify families are not required if a court of competent jurisdiction has determined that any of the events described in paragraphs (1)(e)-(i) have occurred." This is precisely what the trial court found.